## UNITED STATES v. LOW HONG.

(Circuit Court of Appeals, Fifth Circuit. October 31, 1919.)

No. 3308.

HABEAS CORPUS ☞13—IMMIGRATION LAW; DETENTION OF CITIZEN.

The provisions of Immigration Act, § 17 (Comp. St. 1918, § 4289¼ii), and other sections relating to excluding and deporting persons from the country, being expressly applicable only to aliens, one arrested and detained for hearing thereunder is prior to such hearing entitled to discharge on habeas corpus; the allegation of his petition that he is a citizen being admitted.

Appeal from the District Court of the United States for the Southern District of Georgia; Emery Speer, Judge.

Habeas corpus by Low Hong. From an order of discharge, the United States appeals. Affirmed.

E. M. Donalson, U. S. Atty., of Macon, Ga.

Hugh Howell, of Atlanta, Ga., and J. E. Hall and Warren Grice, both of Macon, Ga. (Brewster, Howell & Heyman, of Atlanta, Ga., on the brief), for appellee.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

WALKER, Circuit Judge. This is an appeal by the government from an order discharging the appellee on a hearing in a habeas corpus proceeding instituted by the latter. The appellee's amended petition for the writ alleged that he is a citizen of the United States, that he was born in San Francisco 25 years ago, and that he was being held by virtue of a warrant issued by the Secretary of Labor commanding that appellee be taken into custody and granted a hearing to enable him to show why he should not be deported in conformity with law. A demurrer to the amended petition was filed, and a return was made to the writ, which averred that petitioner's arrest and detention were in pursuance of a warrant of the Secretary of Labor, duly and lawfully issued under the provisions of section 19 of the Act of Congress of February 5, 1917 (39 Stat. 889, c. 29 [Comp. St. 1918, § 4289¼jj]).

The amended petition's averments of the appellee's nativity and citizenship were not in any way put in issue. The record discloses that in the course of the hearing the following colloquy occurred: the court asked: "Is the case dependent solely on the demurrer?" The assistant district attorney replied: "I think there is nothing but a question of law in the case." The court inquired as to the effect upon the issue if it should appear that the relator was born in the United States. To this inquiry the assistant district attorney replied:

"Our contention is that that question cannot be investigated by writ of habeas corpus at this stage of the proceeding; that the application for the writ is premature, and will not be entertained by the court until after the hearing is had as provided by the act of Congress, and appeal taken to the

Secretary of Labor, and his decision finally rendered. Then, and not until then, can a writ of habeas corpus be used to inquire into the fact of the petitioner's citizenship."

It fairly appears that the asserted right of the appellee to be discharged from custody was resisted on the ground that, though the truth of his averment of citizenship was admitted, he was subject to be held under the warrant issued by the Secretary of Labor until the summary administrative proceeding provided for by section 17 of the Immigration Act of February 5, 1917 (39 Stat. 887 [Comp. St. 1918, § 4289¼ii]), had been finally concluded. The provisions of that section, and the other provisions of the act relating to excluding and deporting persons from the United States, in express terms are made applicable only to aliens. An admission that a person proceeded against under those provisions is a citizen amounts to an admission that he is not subject to be held under such a warrant as the one under which the appellee was taken into custody.

A mere claim of citizenship, made in a petition for the writ of habeas corpus by one held under such process, cannot be given the effect of arresting the progress of the administrative proceeding provided for. United States v. Sing Tuck, 194 U. S. 161, 24 Sup. Ct. 621, 48 L. Ed. 917; United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040. But an admission that such claim is well founded dispenses with any necessity or occasion for waiting for the Secretary of Labor to render a decision on a question that does not exist. An admission that one held under such process is not an alien is an admission that he is not subject to be detained under that process. What occurred on the hearing in the instant case amounted to an admission that the Secretary of Labor was without power or jurisdiction to have the appellee kept in custody under the warrant issued. The averments of the amended petition show that the appellee is a natural-born citizen of the United States. United States v. Wong Kim Ark, 169 U. S. 649, 18 Sup. Ct. 456, 42 L. Ed. 890. The truth of those averments being admitted, the immigration officials were not entitled to retain the appellee in custody until the Secretary of Labor should in the summary proceedings pass on the question of deporting one who was admitted not to be subject to be detained or deported under the process under which he was held.

The record not showing that the court erred in ordering the appellee's discharge, the order is affirmed.